In the Matter of the Probate of the Will of WALTER C. MACOMBER, Deceased.

Surrogate's Court, Madison County, July 30, 1948.

*Coville, Nemeti & Zeller* for Della W. Macomber, proponent.

*Martin E. Angelino,* special guardian for Mabel Bronson, an incompetent, contestant.

CONLEY, S. The decedent, a resident of the town of Eaton, New York, died May 5, 1948. He left him surviving as his only heirs at law and next of kin his widow, Della W. Macomber, and a niece, Mabel Bronson, an incompetent person confined to Marcy State Hospital.

He left a paper writing dated July 25, 1910, which has been offered for probate as his last will and testament by his widow, the executrix named therein.

A citation was duly served and on the return date, June 1, 1948, Martin E. Angelino, was appointed special guardian for the incompetent by this court. On June 14, 1948, the special guardian filed in writing his objections to the probate of the paper writing which are:

" 1. That the said instrument so propounded is not the Last Will and Testament of the said decedent, but that such instrument was, after the date thereof, cancelled, obliterated and duly revoked by the said testator and was so intended to be revoked by the said testator.

" 2. That on October 17, 1946, the testator executed an instrument in writing which he entitled, ' codicil to my will ' and that together with other marks of cancellation and obliteration on the instrument propounded herein as the Last Will and Testament of said decedent, there appear both across the instrument and in the margin the following words: ' See Codicil'."

Proof was taken before this court showing that the said instrument of the decedent was properly executed.

The proponent then moved for judgment on the pleadings pursuant to section 476 of the Civil Practice Act.

It has been conceded the paper writing dated July 25, 1910, was in the handwriting of the decedent and attempts to dispose of his entire estate.

The proponent concedes that after the execution of the instrument, the decedent made cross marks which appear on the face of the instrument and wrote both on the face and left margin of the instrument the words, " See Codicil ". The decedent also made erasure marks and wrote the words, " Children's Home of Williamstown, Williamsville ", at the end of the second paragraph of said paper writing.

This court is not concerned with the erasure marks or words, " Children's Home of Williamstown, Williamsville " due to the fact this is a matter of construction and is not to be considered until the paper writing has been admitted to probate. (Surrogate's Ct. Act, § 144.)

It is conceded that on October 17, 1946, a paper writing entitled " codicil to my will" was signed by the decedent but was never published or witnessed by any person.

It is further conceded both writings were found together among the personal effects and in the custody of the decedent at the time of his death.

There appears to be no question but what the decedent intended to have the codicil of October 17, 1946, a legal document to dispose of his estate but decedent failed because he did not have the same witnessed.

There is here nothing more than an attempt to make a codicil. The statute requires that same be executed with the same formalities with which the will itself was required by law to be executed. Therefore, no effect can be given to the attempted change.

It has been held if ink markings upon an alleged will were made by the testator with the idea and for the purpose of drawing a new will, then the doctrine of dependent relative revocation is applicable. The doctrine is defined as follows: " ' When a will, or portions thereof, are canceled or mutilated in order to change the will in whole or in part, and the attempt fails for want of due authentication, or other cause, this effort to revoke in whole or in part will be treated as relative and dependent upon the efficacy of the new disposition intended to be substituted, and hence, if the attempted disposition is inoperative, the revocation fails also, and the original will remains in force.' " (*Matter of Tremain,* 169 Misc. 549, 558, affd. 257 App. Div. 996, affd. 282 N. Y. 485.)

It is this court's opinion the above doctrine applies to the case before it.

The sole question to be decided at this time is whether the marks and writings on the decedent's alleged will constitute a

revocation by cancellation or obliteration within section 34 of the Decedent Estate Law. Said section provides: " No will in writing, except in the cases hereinafter mentioned, nor any part thereof, shall be revoked, or altered, otherwise than by some other will in writing, or some other writing of the testator, declaring such revocation or alteration, and executed with the same formalities with which the will itself was required by law to be executed; or unless such will be burnt, torn, canceled, obliterated or destroyed, with the intent and for the purpose of revoking the same, by the testator himself, or by another person in his presence, by his direction and consent; and when so done by another person, the direction and consent of the testator, and the fact of such injury or destruction, shall be proved by at least two witnesses."

The court (*Matter of Tremain, supra,* p. 557) in calling attention to the fact that the statute is in two parts, said: " ' But when we find in the first clause that the will, or any part thereof, can be altered by a writing only when duly attested, and in the second clause the words " or any part thereof " omitted, we are bound to give effect to the specific words actually used, and say that no obliteration can be effective as to part, unless it altogether destroys *the whole will.* We have no power to interpolate other words.' "

Most of the propounded will is written in longhand with pen and ink. The opening clause of the will, as well as the first paragraph, a vital part of the second paragraph, the paragraph numbered lastly, the date of the will, the signature of the decedent, the statement of the witnesses, signatures and addresses of the witnesses are all intact.

No revocation is effective unless it is in accordance with section 34 of the Decedent Estate Law.

It has been squarely held that if the marks on the instrument do not affect the will in its entirety, or a vital part thereof, there is no revocation. (*Matter of Tremain, supra.*)

The court must in the first instance determine whether or not the revocatory acts are sufficient and this is a matter of law.

Considerable has been said on the question of intent by the special guardian. The only time intent can arise is if the motion in this proceeding is denied. No such question could arise unless it appeared that the markings were of such a character that they so affected a vital part of the will as presumptively to effect a revocation. It is not what the decedent intended but what was the effect under the law of his acts.

It is the opinion of this court that the marks and writings on the will in question do not satisfy the requirements of the statute and the will must be admitted to probate in its original form. The motion is granted and the objections dismissed. The paper writing dated July 25, 1910, is admitted to probate in its original form. Settle decree accordingly.